1311-AC02050

IN THE CIRCUIT COURT
ST. CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

MICHAEL YATES           )
                        )
Plaintiff,              )
                        )   Cause No.
v.                      )
                        )   Division
NCO FINANCIAL SERVICES, INC.  )
                        )
Serve at:               )
The Corporation Company )
120 South Central Ave.  )
Clayton, MO 63105       )
                        )
Defendant.              )   JURY TRIAL DEMANDED

## PETITION

COMES NOW, Plaintiff, Michael Yates, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 et. Seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

### PARTIES

4. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debts Plaintiff owes arise out of consumer, family, and household transactions.

5. Specifically, Plaintiff believes, based on the phone call with Defendant referenced below, the alleged debt arose from a Karate class he supposedly took in 1995.

1



6. Defendant is a foreign corporation with its principal place of business in Horsham, PA. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Beginning in December of 2012, Plaintiff began to get multiple calls each day at his home telephone number ending in 1607. Defendant placed these calls in an effort to collect the alleged debt.

9. For example, Defendant called Plaintiff at 8:41am and 10:47am on March 10, 2013, at 8:27am, 10:48am, and 12:59pm on March 9, 2013, and 8:40am, 11:09am, and 2:25pm on March 8, 2013.

10. This three-day pattern is only partially illustrative of the multiple daily calls that Defendant placed to Plaintiff; Plaintiff believes that other numbers that appeared "blocked" or "deleted" were also calls from Defendant during this time period.

11. To the best of Plaintiff's recollection, Defendant would sometimes call him more than five times in a day.

12. Defendant's calling pattern continued until the date of this Petition.

13. Defendant knew it was harassing Plaintiff with its extremely frequent calls.

14. Defendant deliberately employed this "blitz" tactic because the debt was nearly twenty years old and Defendant measured its "blitz" to annoy Plaintiff to such an extent that he would pay this invalid and time-barred debt.

15. On or about March 18, 2013, Plaintiff called Defendant to investigate as to why Defendant was calling.

2

Electronically Filed - St Charles County - Circuit Court - March 19, 2013 - 03:10 PM CDT

16. Defendant informed Plaintiff that Defendant was trying to collect on debt that Plaintiff owed a debt dating from a Karate class that Plaintiff took in 1995.

17. In 1995, Plaintiff was high-school aged and recalls getting a gym membership of some kind, but disputes that he owes the alleged debt.

18. Defendant never sent Plaintiff anything in writing; if Defendant had, then Plaintiff would have disputed the debt in writing.

19. It is absurd for Defendant to call Plaintiff with such high frequency for a period of many weeks over a debt that is nearly twenty years old.

20. Defendant's collection tactics, including its high-volume calls, have greatly disrupted and irritated Plaintiff in his home. The constant calls have made it difficult for Plaintiff to spend time with his wife and young children. Often, Plaintiff has had to remove the telephone from the receiver so that he could force the calls the stop.

21. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between himself and Defendant.

22. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited anxiety and worry.

## COUNT I: VIOLATION OF THE FDCPA

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

24. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Engaging in harassing and abusive practices in connection with the collection of a debt; 15 U.S.C. § 1692d-f;

   b. Failing to send Plaintiff notice of his §1692g rights; 15 U.S.C. § 1692g;

   c. Engaging in unfair conduct in an effort to collect the debts. 15 U.S.C. § 1692d-f;

Electronically Filed - St Charles County - Circuit Court - March 19, 2013 - 03:10 PM CDT

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

**RICHARD A. VOYTAS, JR. #52046**
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
rickvoytas@gmail.com

4